ROE *against* SWART.

TEN EYCK *against* THE SAME.

The issuing of an execution before the 10 years after docketing a judgment have expired, and a sale under it after the ten years, will not extend the lien of the judgment as against subsequent judgment creditors, &c.

JUDGMENT in the first cause was docketed against the defendant August 28th, 1813 ; and a *fi. fa.* delivered to the sheriff July 20th, 1823. Judgment in the second cause was perfected against the defendant in 1818 : and a *fi. fa.* issued to the same sheriff July 1st, 1825, who sold lands of the defendant on both executions, September 23d, 1825, being more than ten years from the perfecting of the first judgment. Now,

*C. H. Ruggles* moved for a rule applying the avails of the sale to the execution on the last judgment : and he cited 1 R. L. 500 ; Act of April 3rd, 1821, 5 Laws, 245, c.

He said, if an execution is allowed to prolong the lien, the statute might be defeated by the party, who could extend the lien indefinitely by merely issuing an execution.

*W. Mulock*, contra.

*Curia.* The statute is, that all judgments thereafter to be rendered, should cease to be a lien or incumbrance on any real estate, as against *bona fide* purchasers, or subsequent incumbrancers, by mortgage, judgment, or otherwise, from and after ten years from the time of docketing. The words leave no room for doubt or construction ; and the motion must be granted. Clearly the plaintiff cannot enlarge the lien by the mere act of issuing execution.

Motion granted.