## LITTLE vs. HARVEY.

A *judgment*, after *ten years* from the time it is docketed, ceases to bind or be a charge or lien upon real estate, as against incumbrances *subsequent* to such judgment by mortgage, judgment, decree or otherwise, and that although the subsequent incumbrance be accepted with a *full knowledge* of the existence of the prior judgment, and that it remains unpaid.

*It seems*, that all purchasers are to be considered purchasers in *good faith*, within the meaning of the act on this subject, except those who purchase with an *actual fraudulent intent :* mere notice of the prior judgment, either actual or constructive, will not render the purchase *mala fide*.

To save the lien, not only must the *execution issue*, but the *sale must take place* within the ten years, unless the plaintiff has been restrained by *injunction* or *writ or error ;* whether a judge's order staying proceedings would be considered an injunction within the meaning of the act, *quere*.

The fact of the execution being *tested* within the ten years, when not delivered to the sheriff until after the ten years, will not help the plaintiff.

THIS was an action of *ejectment*, tried at the Otsego circuit in September, 1830, before the Hon. SAMUEL NELSON, then one of the circuit judges.

The plaintiff claimed to recover the premises in question as a purchaser at a sheriff's sale, under a *judgment* in his own favor against one *Davis Hopkins*, under whom the defendant also claimed. The judgment in favor of the plaintiff was *docketed* on the 18th February, 1818, on which an execution was issued and delivered to the sheriff on the 13th May, 1828, *tested* as of the 5th February, 1828. The sale was delayed by judge's orders, staying proceedings until the 6th September, 1828, when the premises were sold and bought in by the plaintiff, and a certificate of sale granted to him by the sheriff, who, on the 15th December, 1829, executed to him a deed in pursuance of the sale. The defendant then gave in evidence a *mortgage* of the premises in question, executed to him by *Davis Hopkins*, the defendant in the judgment, bearing date the 19th April, 1828, duly acknowledged and recorded ; and shewed a regular foreclosure of the mortgage, a sale under such foreclosure, and title in himself under such sale. The plaintiff then offered to prove that the de-

NEW-YORK, fendant took his mortgage with a full knowledge of the ex-
May, 1832. istence of the judgment in favor of the plaintiff against Hop-
Little kins, and that it remained unpaid ; which evidence the judge
v. refused to receive, and directed the jury to find a verdict
Harvey. for the defendant, which they accordingly did. The plain-
tiff moved for a new trial.

*I. Seelye*, for the plaintiff.

*R. Campbell*, for the defendant.

*By the Court*, SUTHERLAND, J. The evidence offered by
the plaintiff was properly excluded. The knowledge of the
defendant, when he took his mortgage, of the plaintiff's judg-
ment, was of no importance. If he knew of its existence, he
also knew that more than ten years had elapsed since it was
docketed, and that by the express provisions of the statute, it
had ceased to be a lien on the real estate of the defendant in
the judgment, as against subsequent incumbrances by mort-
gage, judgment, or otherwise. The language of the act is too
clear and explicit to admit of any question as to its construc-
tion : " All judgments hereafter to be rendered shall cease to
be a lien or incumbrance on any real estate, as against *bona
fide* purchasers, or subsequent incumbrances by mortgage,
judgment, or otherwise, from and after ten years from the
time the same shall be docketed." 1 *R. L.* 500. The re-
vised statutes upon this subject are substantially the same :
" From and after ten years from the time of docketing every
such judgment, it shall cease to bind or be a charge upon
any such property, as against purchasers in good faith, *and as
against incumbrances subsequent to such judgment, by mort-
gage, judgment, decree, or otherwise.* 2 *R. S.* 359, § 4. It
would be sufficient for the purpose of this case to observe, that
the words *bona fide* and *in good faith* are confined to purchas-
ers, and do not extend to subsequent incumbrances ; that the
act as to them was intended to operate like a statute of limi-
tations, as an absolute bar upon prior judgments of more
than ten years standing. But to guard against misconstruc-
tion, it is proper to add that no doubt is entertained that all

NEW-YORK,
May, 1832.

Little
v.
Harvey.

purchasers are to be considered as purchasers in good faith within the meaning of this act, except those who purchase with an actual fraudulent intent. Mere notice of the prior judgment, either actual or constructive, will not render the purchase *mala fide.* Upon any other construction, the act would be a dead letter, as constructive notice exists in all cases of prior judgments.

There is no analogy between this case and cases under the recording acts. The object of those acts is simply to give notice of prior incumbrances, or conveyances to subsequent purchasers or incumbrancers; and if they are shown to have had actual notice, the object is accomplished, although the constructive notice is not given. But the act in question declares that *the lien shall cease absolutely as to subsequent mortgages,* &c. after the lapse of ten years; as to them, the question of notice, actual or constructive, cannot arise. The execution not only must be issued, but the sale must take place within the ten years, unless the plaintiff has been restrained from issuing execution *by injunction out of chancery.* The time during which he may have been so restrained is not to be considered any part of the ten years. That is the only qualification of the act of 1813. The proviso in the revised statutes is broader, and extends to any restraint from proceeding, by any injunction of any court, or by a writ of error. Whether an order to stay proceedings would be considered an injunction within the meaning of this act, it is unnecessary now to decide. The execution in this case was not delivered to the sheriff, and, the legal presumption is, was not issued until the ten years elapsed.

New trial denied,