SCHENECTADY SPECIAL TERM, June, 1848. *Paige*, Justice.

## SCOTT *vs.* HOWARD and others.

3b 319
52ad 112

A judgment, after ten years from the time it is docketed, ceases to bind, or be a charge upon, real estate, as against purchasers in good faith, and as against incumbrances subsequent to such judgment, by mortgage, judgment, decree, or otherwise.

But such judgment, after the expiration of the ten years, continues a lien on real estate, as against the defendant in the judgment, and his heirs, and as against the grantee of the defendant without valuable consideration. Where there are later judgments it ranks, in effect, as to them, as a junior judgment.

And the judgment, after ten years, ceases to be a lien as against subsequent purchasers in good faith, and subsequent incumbrances, although the purchaser purchased, and the subsequent incumbrance was accepted, with full knowledge of the prior judgment.

A wife's right of dower attaches on the real estate of her husband as soon as there is a concurrence of marriage and seisin.

Such right of dower will not be affected, or prejudiced, by any act of the husband subsequent to the marriage, or by any judgment afterwards recovered against him. But it is liable to be defeated by every subsisting claim or incumbrance, in law or equity, existing before the inception of the title, and which would have defeated the husband's seisin.

Previous to assignment, the right of dower of a married woman is a right resting in action only. She can neither convey nor assign it; and has no estate in the land.

IN EQUITY. The bill in this suit was filed for the partition of a lot of land situate in the village of Waterford. Jacob T. Wager died seised of the premises on the 18th of August, 1844, leaving Mary Wager, his widow, and John H. Wager, Garret V. S. Wager, Mary Ann Gage, and Eliza Howard, his children, and the children of his deceased daughter Mary Eliza Dummer, him surviving. Jacob T. Wager intermarried with Mary his wife, in December, 1837. Garret V. S. Wager died intestate without lawful issue. John H. Wager, on the 10th of November, 1847, conveyed his share of the premises in question to the plaintiff. In March, 1847, the widow of Jacob T. Wager applied to the surrogate for the admeasurement of her dower in the premises; which was duly admeasured and set off to her by metes and bounds. The widow, after the admeasurement of her dower, and on the 26th of April, 1847, executed a mortgage

Scott v. Howard.

on the part of the premises allotted to her for her dower, to E. F. Bullard. This mortgage was afterwards foreclosed by Bullard, and at the sale under the decree of foreclosure he purchased the mortgaged premises. A judgment was recovered by Eunice Wager against Jacob T. Wager for $200 debt, and $10 costs, upon a bond conditioned to pay Eunice Wager $15 a year during her life ; which judgment was docketed on the 14th of October, 1836. Merrit Potter recovered a judgment against Jacob T. Wager and Henry Griffith, docketed on the 17th of April, 1844, which belonged to Moses S. Scott, who was not a party to the suit, and upon which there was due, at the date of the referee's report, $352, 88. The referee to whom it was referred, to take proof of the plaintiff's title, reported that E. F. Bullard was entitled to the estate in dower, in the premises, of Mary Wager ; and that the plaintiff was seised in fee of one undivided fourth part of the premises, subject to the estate in dower of Mary Wager therein, and also subject to the judgments of Moses S. Scott and of Eunice Wager. The referee also reported that the other heirs at law of Jacob T. Wager, who were parties to the suit, were respectively seised of their several shares of the said premises in fee, also subject to the said estate in dower and the said two judgments of Moses S. Scott and Eunice Wager. The referee also reported that the premises were so circumstanced that a partition thereof could not be made without great prejudice to the owners. No exceptions to the report were taken by either of the parties.

*W. T. Seymour*, for the plaintiff.

*G. W. Kirtland*, for the defendant Eunice Wager.

*E. F. Bullard*, in proper person, and for the widow and heirs of Jacob T. Wager, and Moses S. Scott.

PAIGE, J. A judgment, after ten years from the time it is docketed, ceases to bind, or be a charge upon real estate, as against purchasers in good faith, and as against incumbrances

subsequent to such judgment, by mortgage, judgment, decree, or otherwise. (2 *R. S.* 359, § 4.) But such judgment, after the expiration of the ten years, continues a lien on real estate, as against the defendant in the judgment, and his heirs, and as against the grantee of the defendant without valuable consideration. And where there are later judgments it ranks, in effect, as to such, as a junior judgment. (*Ex parte Peru Iron Co.* 7 *Cowen*, 540, 554. 2 *Paige*, 54. 5 *Id.* 493.) And the judgment, after ten years, ceases to be a lien as against subsequent purchasers in good faith, and subsequent incumbrances, although the purchaser purchased, and the subsequent incumbrance was accepted, with full knowledge of the prior judgment. (9 *Wend.* 157. 18 *Id.* 621.)

The right of dower of the widow of Jacob T. Wager attached on his real estate as soon as there was a concurrence of marriage and seisin. Such right of dower was not affected or prejudiced by any subsequent act of his, or by any judgment subsequently recovered against him ; but it was subject to the prior judgment of Eunice Wager. The wife's dower is liable to be defeated by every subsisting claim or incumbrance, in law or equity, existing before the inception of the title, and which would have defeated the husband's seisin. (4 *Kent's Com.* 50, 2d ed. 1 *R. S.* 742, § 16.) Before assignment, the right of dower of the widow of Jacob T. Wager was a right resting in action only. She could neither convey nor assign it. Until assignment, she had no estate in the land. (*Green v. Putnam*, 1 *Barb. Sup. Court Rep.* 506.) If she had continued the owner of the portion of the premises allotted to her for her dower therein, I think the judgment of Eunice Wager would have continued a lien, as against her, as she could not have been regarded as either a purchaser or an incumbrancer, within the meaning of the revised statutes. (2 *R. S.* 359, § 4.) But Mr. Bullard sustains a different character from that of the widow. He, by virtue of his mortgage and purchase at the sale under such mortgage, was a purchaser in good faith within the meaning of the revised statutes, and Eunice Wager's judgment, therefore, ceased to be a lien as against him, ten years

Scott *v.* Howard.

having elapsed since it was docketed. The plaintiff also being a purchaser, in good faith, of the share of John H. Wager, was entitled to hold such share discharged of the lien of the judgment of Eunice Wager. But the referee has reported that his share is subject to that judgment. And as he has not excepted to the report, the report is final, as to him, and cannot now be corrected. (4 *Paige,* 441.)

The lien of the judgment of Eunice Wager having ceased, as against the judgment of Moses S. Scott, docketed in April, 1844, it must rank, as to that, as a junior judgment. A decree must be entered confirming the report of the referee, and for a sale of the premises in question. I do not see any reason for a sale of the premises in parcels. The premises will probably sell better if sold together. The decree must direct that out of the proceeds of the sale, the expenses of the sale, and the costs of all the parties to the suit, to be taxed, be first paid ; secondly, that one third of the residue be paid into court to be invested for the benefit of Mr. Bullard, the interest thereon to be paid to him during the life of the widow of Jacob T. Wager, unless he is willing to accept, in lieu of such widow's dower estate in the premises, or of such annual interest for the life of such widow, a gross sum, to be estimated as directed in the 127th rule. In which case such gross sum is to be paid to him. Thirdly, that out of the residue of the proceeds of the sale, the amount reported due on the judgment of Moses S. Scott be paid. Fourthly, that out of the balance of the proceeds the sum of $200 be secured by a mortgage on the premises, conditioned to pay Eunice Wager $15,12 annually during her life ; or be paid into court and invested in permanent securities, so as to secure to her the payment of that sum annually. And fifthly, if any balance remains, that the same be distributed between the plaintiff and such of the defendants as are heirs at law of Jacob T. Wager, according to their several and respective rights in the premises ; and that the $200 to be invested for the benefit of Eunice Wager, on her decease be distributed between them, in like manner.