By the Court.—Monell, J.
The case furnished us on this appeal contains none of the evidence taken at the trial. It is made up merely of the findings and conclusions of the referee. The objection, therefore, that it does not appear that the surrogate had authority to allow the issuing of the execution, cannot now be examined.
*65 In. the latest case (Stoddard Whiting, 48 JY. Y. B. 627), the rule is stated to be, that, “ when the case does not contain any of the evidence, but the finding of facts only, it is to be assumed that there was no evidence from which any other fact could be found ; and when the conclusions of law in such a case have been excepted to, the question to be determined, is, whether such conclusions are warranted by the facts found.”
The referee in this case having found that the surrogate, upon sufficient cause shown, made an order granting permission to issue execution upon the judgment; and the surrogate by statute (Laws, 1850, ch. 295) having power to make the order, it will be assumed that there was the requisite evidence before the referee to authorize its being made.
The remaining and important question is, whether the sale under the execution gave a valid title to the purchaser ; and the solution of that question depends upon whether the provisions of the Revised Statutes (2 JR. 8. 359, § 4) respecting the lien of judgments is now in force, or has been changed by the provisions of the Code, so as to destroy the right to sell the real property of the debtor upon execution issued more than ten years after judgment.
The provision of the Revised Statutes, limits the lien to ten years only as against subsequent purchasers and encumbrances; leaving the lien to continue after that period as against the debtor (Mohawk Bk. v. Atwater, 2 Paige, 54; Ex parte, The Peru Iron Co., 7 Cow. 540; Scott v. Howard, 3 Barb. 319). But the section of the Code fixing the lien of judgments, does not contain the exception which is found in the former statute ; but as well against the debtor, and consequently his heirs or devisees, as against subsequent purchasers or encumbrances, the lien by the terms of the statute, it would seem, absolutely ceases after ten years.
The authority given to the surrogate by the Act of *66 1850 (supra), to allow the issuing of an execution upon a judgment, is confined to judgments which are a lien upon the real estate of the deceased debtor; and the execution is to be issued and executed, in the same manner and with the same effect, as if the debtor was still living, except that a year must elapse after the death.
If, therefore, the judgment could be enforced only in virtue of a subsisting lien, the order of the surrogate was imperative if such lien had ceased to exist. Under the Act of 1813, which was like the provision of the Revised Statutes (1 R. L. 500), it was held (Roe v. Smart, 5 Cow. 294), that the issuing of an execution would not prolong the lien. From which it would seem to follow, that at least the sale must be made within the ten years, if nothing more. At any rate the lien ceases as to subsequent purchasers, etc., after that time (Crozier v. Acker, 7 Paige, 137).
But although the lien ceases, it does not follow that an execution may not issue, and a levy and sale made, of any property of the debtor within the bailiwick of the sheriff.
The omission in the Code ‘1 as against subsequent purchasers,” etc., does not alter the legal effect of the provision. Under either statute the lien would cease after ten years as to such purchasers, etc.; and possibly under the Code, the lien, as a mere lien, would also cease as to the debtor. But the writ of execution is a judicial writ, issued, presumptively, by the court to execute or enforce its judgment. Its form and time of issuing, etc., have been regulated by statute, but the power to issue is inherent in the court (Boote’s Suit at Law, 193), and its mandate is, as respects real property, to make the amount out of the real property of the debtor belonging to him on the day the judgment was docketed, or at any time thereafter.
Being satisfied that the Code has not deprived the *67 creditor of the right to sell his debtor’s real estate at any time while he remains the owner, and that the sale in this case vested the title in the purchaser, I have not found it necessary to see whether the provision of the Revised Statutes is or is not repealed by the Code.
The Act of 1850 (supra) has been held not to be in conflict with the provisions of the Code, giving an action, in lieu of the former scire facias, to revive against heirs and terre tenants (Marine Bk. of Chicago v. Van Brunt, Court of Appeals, April, 1872), but as merely furnishing a cumulative remedy. The order of the surrogate ¿ad the effect of reviving the judgment as against the heirs of the deceased debtor, and as to them the lands became bound from that time.
I think the judgment of the referee was correct, and should be affirmed.