HENRY EVANS, APPELLANT, *v.* AMANDA HILL AND OTHERS RESPONDENTS.

*Creditor's action — a simple contract creditor cannot maintain it — right of a judgment creditor to maintain it after ten years from the docketing of his judgment.*

A simple contract creditor cannot maintain an action to set aside as fraudulent a conveyance made by his debtor; nor will such an action lie by a judgment creditor where more than ten years have elapsed since the docketing of the judgment, and no new lien upon the land has been acquired by the levy of an execution thereon.

*Quære,* as to the power to sell land under an execution, issued upon a judgment after the lapse of ten years from the time of its docket.

APPEAL from a judgment in favor of the defendants, entered upon a nonsuit, directed on the trial of this action at Special Term.

The action was brought to set aside as fraudulent a conveyance from one Theodore B. Evans to Jehial Evans, his father, and one from Jehial Evans to Ann Prudence Evans. Theodore Evans died in 1870, intestate, and Ann Prudence Evans, his infant daughter, died in 1871, leaving her mother, the defendant Amanda Hill, her only heir at law. The conveyances in question were made on May 10 and May 11, 1870. The plaintiff claimed to be a creditor of Theodore Evans for money loaned to him, and also as assignee of a judgment recovered by Thaddeus Newton against Charles B. and Theodore B. Evans, and docketed August 15, 1860. This action was commenced in March, 1875.

The nonsuit was moved for and granted on the grounds:

" First. That the judgment in favor of Thaddeus Newton is not a lien upon this land, and could not be because of the provisions of section 282 of the Code; that a lien expires at the end of ten years, and that the lien having expired, the judgment must be sued over the same as any other debt, before an action can be based upon it. That as to the other debts and claims, they could not be the foundation of an action in equity, to charge this land, until they were put into judgment, or until legal proceedings, for the ascertainment of the existence and amount of the debts, were

taken in the surrogate's court. That the claims as they exist cannot be the foundation for this action.

Second. That if the judgment be a lien for twenty years, that that lien still continues, and that it exists as perfectly as this suit could make it exist, without an action at law, and that their remedy is by selling the land."

*Henry A. Clark*, for the appellant.

*Isaac S. Newton*, for the respondents.

*Per Curiam:*

Notwithstanding some prior decisions, we think that the cases of *Allyn* v. *Thurston* (53 N. Y., 622) and of *Estes* v. *Wilcox* (67 N. Y., 264) have settled the doctrine that the plaintiff, as a mere simple contract creditor, cannot maintain an action of this kind. The latter cause seems to overrule *McCartney* v. *Bostwick* (32 N. Y., 53) and also, by implication, *Loomis* v. *Tifft* (16 Barb., 541). See also *Geery* v. *Geery*, cited in *Milton* v. *Miller* (14 Sup. Ct. [N. Y.], 208).

Next as to the judgment. The Old Code, section 282, by the amendment of 1851, declared that a judgment should be a lien for ten years from the time of docketing. *Scott* v. *Howard* (3 Barb., 319) was decided before this amendment was enacted. We must consider this section of the Old Code, thus amended, to be a substitute for section 5 (4) (2 R. S. [m. p.], 359). It is unnecessary to decide whether or not, after the lapse of ten years, and before the presumption of payment by the expiration of twenty years, a plaintiff can issue an execution and sell real estate. (Old Code, sec. 289, sub. 1; secs. 283 and 284.) It is possible that an execution might be levied, although the judgment were no longer a lien. See remarks of Judge Bronson in *Wood* v. *Colvin* (5 Hill, 230). The New Code, section 1252, has provided a special mode of levying an execution upon land after the lien of the judgment has expired.

It is enough, however, for the present case that the lien acquired by docketing the judgment had expired; and that the judgment creditor had not acquired (if he could acquire) any lien upon the

land by the levy of an execution thereon. He was, therefore, in no position to maintain this action.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., and BOARDMAN, J.; FOLLETT, J., taking no part.

Judgment affirmed, with costs.