LEONARD PIERCE, RESPONDENT, *v.* CHARLES A. FULLER, APPELLANT.

*Judgment — a sale thereunder of land after the expiration of ten years does not affect the title of a purchaser in good faith—no covenants of title will be implied in the case of a conveyance of real estate by quit-claim deed.*

March 3, 1879, the defendant conveyed to the plaintiff, by a quit-claim deed, a one-seventh interest in certain land situate in Madison county. On February 24, 1871, a judgment had been recovered against the defendant's grantor, which was on March third docketed in Chenango county, and on March 9, 1871, a transcript thereof was docketed in Madison county. The existence of this judgment was unknown to either the plaintiff or the defendant. January 10, 1881, an execution was issued upon this judgment in Madison county; and, March 8, 1881, after more than ten years had elapsed since the judgment was docketed in Chenango county, the interest which the defendant's grantor had in the real estate conveyed to the plaintiff was sold thereunder. The plaintiff having tendered a reconveyance of the property, brought this action to recover the amount he had paid to the defendant.

*Held*, that the action could not be maintained, for the reason that as the plaintiff was a purchaser in good faith, without notice, the sale under the judgment was inoperative as to him.

That even if he were injuriously affected by the sale, he could not recover, as there were no covenants in his deed, and none would be implied by law.

APPEAL from a judgment in favor of the plaintiff, entered upon the decision of the court rendered upon the trial of this action in the County Court of Madison county, without a jury.

*Charles A. Fuller*, appellant in person.

*White & Underhill*, for the respondent.

KENNEDY, J. :

The action was originally brought in a Justice's Court, where a recovery was had by the plaintiff. On an appeal and new trial in Madison County Court, the plaintiff again succeeded.

The action is brought to recover the sum of $100 and interest, the same being the amount paid to the defendant as the purchase-price of a one-seventh interest owned by him in a house and lot in Earlville, Madison county, and which interest on such purchase was conveyed to the plaintiff by quit-claim deed without covenants. The claim of the plaintiff is, that the title which he supposed he

acquired by the conveyance failed, and that such failure was occasioned by the existence of a judgment docketed in Madison county against the defendant's grantor at the time he purchased and took his deed, and that the existence of the judgment was unknown to both plaintiff and defendant at the time of the plaintiff's pur-chase. No fraud on the part of the defendant is alleged. The action in the County Court was heard before the court without a jury.

By the finding it appears that on the 3d day of March, 1879, the defendant, then being the owner of one-seventh interest in a house and lot in Earlville, Madison county, sold and conveyed the same by quit-claim deed without covenants. The defendant's immediate grantor was one Esquire Carpenter. On the 24th day of February, 1871, one Upham recovered a judgment against said Carpenter in Justices' Court in the county of Chenango for $145.26. A trans-cript of this judgment was docketed in the office of the clerk of Chenango county March 3, 1871, and in the Madison county clerk's office on the 9th day of March, 1871.

On the 10th day of January, 1881, an execution was issued on said judgment by the clerk of Madison county, and the title which Carpenter had in the premises, it being the defendant's one-seventh, was sold, or claimed to have been sold, by the sheriff of Madison county. This sale was not made until after the expiration of ten years from the time said judgment was docketed in Chenango county. After said sale, and on the 14th day of March, 1881, the plaintiff tendered said deed back to the defendant and also a deed executed by himself and wife, and demanded the $100 he had paid. This was refused and this action was brought.

It is found by the referee, and is conceded on the argument, that the sale on the execution was made more than ten years after the docketing of the judgment, and that the lien of this judgment upon the lands of the debtor had expired. The plaintiff was a *bona fide* purchaser without notice of the existence of the judgment. The sale by the sheriff after the expiration of the lien of the judgment was inoperative to pass any title to the purchaser, and by it the rights of the plaintiff acquired under his deed from the defendant were in no manner effected or prejudiced. (Code, §§ 63 and 282; Code of Civil Procedure, § 1251; *Little* v. *Harvey*, 9 Wend., 157;

*Tufts* v. *Tufts*, 18 id., 621 ; *Scott* v. *Howard*, 3 Barb., 319 ; *Wood* v. *Morehouse*, 45 N. Y., 377.) If right in this the plaintiff has lost nothing, and no right of action existed in him at the time of commencing this suit.

We are also of the opinion that the plaintiff having contented himself with a quit-claim deed without covenants, there being no fraud on the part of the seller, cannot, by implication, engraft upon the conveyance an implied covenant of title unincumbered in the vendor, but must be regarded as having accepted the deed as it was and at his own risk. (3 R. S. [7th ed.], 2195, § 140 ; *Whittemore* v. *Farrington*, 76 N. Y., 452.)

Judgment is therefore reversed, with costs.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs.