### ROSALIE S. PHILLIPS v. LEROY KEELS ET AL.
### ROSALIE S. PHILLIPS v. JOHN E. BELL ET AL.

**1. JUDGMENT LIEN AND MORTGAGE ANTEDATING COVERTURE SUPERIOR TO DOWER.**

As against the lien of a mortgage executed by a man before his marriage, on real estate owned by him before and during coverture, or as against the lien thereon of a judgment which attached prior to the marriage, his widow, after his death, is not entitled to dower in said real estate which had been sold in proceedings to enforce such liens, in the life-time of the husband, to which proceedings his wife was not a party.

**2. DESCRIPTIVE STATEMENT.**

Where the real estate of such person consisted of three lots, and such judgment was a lien on all of them, and the said mortgage, subsequently executed, was a lien upon only one of such lots a petition was filed by the holder of the mortgage, to foreclose the same, to which action the mortgagor, the judgment creditor and other lienholders were made parties defendant (the wife of the mortgagor not being a party thereto). In this action the judgment creditor filed her cross-petition, setting up her lien on all the lots and asking for a sale thereof. On the hearing the court found the amount due to the several lienholders, and ordered that all of the property be appraised and sold, but that the two lots not covered by the mortgage should be first offered; and then the lot covered by the mortgage. This was done, but the two lots not covered by the mortgage, though duly offered, would not sell, but the lot covered by the mortgage was sold, and the proceeds applied in part satisfaction of the first lien thereon, that of the judgment, and thereupon the court by its decree subrogated the holder of the mortgage claim, to the right of the judgment creditor against the other two lots to an amount equal to that received by the judgment creditor from the proceeds of the sale of the first lot. The two other lots were afterwards sold in the same proceeding, and the proceeds applied to the payment of the mortgage, the judgment, tax and other liens thereon—neither said judgment or mortgage being paid in full. Held:

**3. SUBROGATION OF ONE LIENHOLDER TO RIGHTS OF ANOTHER—DOWER DENIED.**

That the widow of said mortgagor is not entitled to dower in either of said lots so sold. That in accordance with the rule of equity jurisprudence, that where one person has a lien on two or more tracts of land, and another a lien upon only one of them, the per-

son having the lien on all will be driven to assert it against that on which the other has no lien, unless the superior equities of others are interfered with, is applicable to this case, and where the person having the lien on all, receives his claim or a part of it from the parcel on which alone the other has a lien, the latter will in such action, be subrogated *pro tanto* to the lien of the former on the other tracts.

**4. WIFE NOT ENTITLED TO DOWER WHERE THERE ARE SUPERIOR LIENS.**

If the wife of the mortgagor had been a party to such proceeding, her equity being inferior to that of the mortgagee and judgment creditor, should not prevent the application of the rule. And the order having been legally made, the fact that she was not a party does not entitle her now to dower in either of said parcels.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

These are actions brought by Mrs. Phillips to recover her dower in lands owned by the defendants. The facts in the first of the two cases are these:

(1.) Urial Phillips, on the 29th day of January, 1874, was, and had for six years prior to that time, been the owner in fee simple, subject to the lien of the judgment and mortgage hereinafter mentioned, of Lot No. 2, of S. & A. Phillips' subdivision, in this county. On said 29th day of January, 1874, he was married to Rosalie, the plaintiff in this case.

(2.) On June 15, 1869, and while Urial Phillips was the owner thereof, Julina C. Phillips recovered a judgment against him in the court of common pleas of this county, for $2,156.38 and costs, which thus became a lien on said lot No. 2, and on lots No. 3, 7, 8 and 11 in said subdivision, also owned by said Urial Phillips, and levies were made thereon, and said judgments were not allowed to become dormant.

(3.) On January 7, 1874, before his marriage to the plaintiff, Urial Phillips executed and delivered to John H. Newton a mortgage on lot No. 2 to secure $3,000.00 loaned to him, which was duly recorded on the same day. On March 6, 1875, Fanny A. Maxwell as the assignee of said mortgage, the condition having been broken, filed a petition in the court of common pleas of this county, to foreclose the same, making Urial Phillips and Julina Phillips and other lienholders parties defendant thereto. Mrs. Rosalie Phillips was not a party to such action. Julina Phillips, by way of answer and cross-petition, set up the lien of her judgment on all the lots before named, and asked that it be protected. Merrill, a purchaser of the lot at tax sale, set up his claim. In this action the court, on March 26, 1876, found that there was due to Julina Phillips, on her said judgment lien, $3,054.96, bearing interest from January 3, 1876; to Merrill, on his tax claim, $165.38, bearing interest from January 3, 1876, and also found the amount due Fanny A. Maxwell, as interest on her claim, the principal sum not being then due. It was thereupon adjudged by the court that unless Urial Phillips should pay said several sums within thirty days, that an order of sale should issue to the sheriff of the county commanding him to appraise, advertise and sell said lots Nos. 2, 3, 7, 8 and 11, and that he should first offer for sale lots 3, 7, 8 and 11, or enough of them to satisfy the claim of Julina Phillips, and that afterwards he should sell lot No. 2. Lots Nos. 3, 7, 8 and 11 were accordingly offered, but could not be sold for want of bidders, and lot No. 2 was then sold to Julina Phillips for $2,466.67; which sale was afterwards confirmed by the court, and the sheriff directed to convey to her said lot No. 2, discharged of all claims of all parties to said action, which conveyance was afterwards made by the sheriff and duly recorded.

(4.) The defendants in this case are *bona fide* purchasers of lot No. 2, from Julina Phillips, who bought the same at such judicial sale.

(5.) Urial Phillips died April 12, 1878, leaving the plaintiff, his widow, surviving him.

Is she entitled to dower in this lot No. 2? We think the question must be

answered in the negative. The land was sold on a proceeding to enforce the mortgage claim, and against this mortgage, as which, was executed by Urial Phillips before the marriage of the plaintiff to him, and also as against the claim for taxes, she had no right to dower. As said by Judge Sherman, in the decision of the case of Greene v. Greene & Co., 1 O., 542, "her estate is but a part of his, is derived from him, and must be subject to all incumbrances existing against it at the time of the marriage, or the acquisition by the husband." And in Welch v. Buckins, 9 O. S., 331, it is held by the court as stated in the first clause of the syllabus, "Where A conveys land to B in fee, and B at the same time delivers to A, a mortgage to secure the purchase money, in whole or in part, the technical seizure of B, does not confer on B's wife a contingent right of dower in the land as against those deriving title at judicial sale of the land on the mortgage, although she did not join her husband in executing the mortgage." It is true that this was a purchase money mortgage, but it was executed during the coverture.

The grantee of a mortgage executed by a man before his marriage certainly can stand in no worse position than the grantee of a purchase money mortgage, executed after the marriage, nor can one who becomes the wife of a person owning property then subject to a mortgage, stand in any better position than the wife of a person, who after the marriage executes a purchase money mortgage. And lot No. 2 having been sold under proceedings to enforce the mortgage which was a lien thereon at the time of the marriage of plaintiff, and not having sold for an amount near equal to the mortgage debt, we hold that the purchaser at such sale, and those claiming under her, took the title thereto free of any contingent right of dower of the plaintiff.

In the other case the facts are somewhat different, though the defendants therein claim title under decrees in the same case. At the time of the confirmation of the sale of lot No. 2, to Julina Phillips, the purchase money ($2,466.64), by order of the court, was distributed as follows: First.—To the costs of the case, amounting to $120.35. Second.—To Merrill for his tax claim $173.73 and $3.20; the balance of $2,172.49, was applied as a payment on the amount found due to Julina Phillips on her judgment lien, leaving still due to her $973, for which execution was awarded. And it then appearing to the court, as found by the decree, that lot No. 2 was the only one, on which Fanny A. Maxwell had a lien, and that Julina Phillips had a lien on the other lots also, and that the latter had received $2,172.59 from the proceeds of the sale of lot No. 2, it was adjudged that Fanny A. Maxwell be subrogated to that extent to the rights of Julina Phillips, as against the other lots on which she had a lien, and thereupon it was ordered that those other lots be sold, which was done. Three of the lots were sold to Fanny A. Maxwell, and brought $3,466.67. No. 8 was also sold, but by consent the sale was set aside, and in some manner the whole title thereto was conveyed to Mrs. Phillips, the plaintiff. The $3,466.67 was distributed as follows: First—To pay costs, $47.25; second—Tax claims, $225.00; third—To Fanny A. Maxwell the amount to which she had been subrogated, with interest thereon, $2,254.32. And the balance, $939.98, to Julina Phillips on her judgment lien, leaving still due to her thereon $75.67. The substance and effect of which was that all the purchase money of the real estate in controversy in both of these actions, was applied to the payment of the liens upon the property existing at the time of the marriage of the plaintiff, and to the costs of such proceedings and the taxes on the lots, and that it left a balance still due thereon. Under this state of facts is the plaintiff now entitled to dower in lots 7 and 11?

It is argued by counsel for the plaintiff that when a large part of Julina Phillips' judgment lien on all the lots was paid by what she received from the sale of lot No. 2, that this satisfied so much of the judgment, and exonerated the other lots therefrom. And that the court could not, as against Rosalie Phillips (not a party to such suit), subrogate Fanny A. Maxwell to her claim against the

other lots.   Clearly this might have been properly done as between the parties to the suit, in accordance with a familiar rule of equity jurisprudence, viz.: that where one person has a lien on two or. more tracts of land, and another a lien upon only one of them, the person having the lien on all will be driven to assert it against that on which the other has no lien.   And if, to prevent delay to him having the lien on all, he is allowed to take the proceeds of the sale of the tract on which both have the lien, the other will be subrogated to the lien of the first, to that extent, against the other tracts.   Of course, this rule is subject to the limitation that this will not be done where superior equities of others appear in the case.   Mrs. Rosalie Phillips had an equity in those lots.   But was it superior to that of the mortgagee and judgment lien holder acquired before her marriage? We think not.   If the proceeds were sufficient, both should be paid before Mrs. Phillips would be entitled to any dower interest.

We understand a judgment lien obtained before the marriage stands on the same footing as a mortgage so executed.   In addition to the authorities before cited, we refer to 4 Kent's Com., 50; 1 Scribner on Dower, 599-601; second Do., 775; Freeman on Judgments, 361, and 10 Md., 5.   The petitions will therefore be dismissed, with costs.

Thos. McDougall, for Mrs. Phillips.

J. F. Baldwin and O. B. Jones, for defendants.