of the charitable purpose of its incorporation, and the ultimate test of its character must be the result of its work as a whole. *People* v. *Commissioners*, 64 N. Y. 656; *People* v. *Barber*, 42 Hun, 27; *Betts* v. *Betts*, 4 Abb. N. C. 317. The order should, therefore, be reversed, with costs.

---

### DARLING *v.* LITTLEJOHN.

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

JUDGMENT LIEN.
　　The lien of a judgment on real property of the judgment debtor for 10 years, under Code Civil Proc. N. Y. § 1251, cannot be extended beyond that time, as against *bona fide* purchasers or incumbrancers, by the levy of an execution; the sale on execution must take place within the 10 years, unless stayed by injunction or appeal.

Submission of controversy without action upon a statement of facts agreed on by Ann Francis M. D. Darling, plaintiff, and Isabelle Townsend Littlejohn, defendant.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

PRATT, J. This is a submission of controversy, and the only question really involved is whether the lien of a judgment can be extended for more than 10 years by the levy of an execution within the 10 years from docketing the judgment as against a purchaser for value. To save the lien as against *bona fide* purchasers and incumbrancers, not only must execution issue, but the sale must take place within the 10 years, unless restrained by injunction or writ of error. *Little* v. *Harvey*, 9 Wend. 157; *Roe* v. *Swart*, 5 Cow. 294; *Tufts* v. *Tufts*, 18 Wend. 621; *Scott* v. *Howard*, 3 Barb. 319. In this case, the judgment was docketed April 11, 1878, execution issued on the 10th of April, 1888, and the sale made on July 24, 1888. No *lis pendens*, or other notice of claim under the judgment, was filed or recorded in the county clerk's office between the date of docketing said judgment and the recording of the sheriff's notice of sale on the 24th of July, 1888, except the sheriff's notice of sale was affixed to the record of mortgage sales by advertisement on the 9th of June, 1888. The property was sold by the judgment debtor on the 26th of June, 1880, to a *bona fide* purchaser for value, who afterwards died. The premises were devised to the plaintiff, who entered into an agreement to sell the property to the defendant herein, who objects to the title on the ground that the said sale on execution is a cloud upon the title. The plaintiff claims that the lien of said judgment had expired by statutory limitation before the sale thereunder by the sheriff, and therefore the sale did not affect the title. We think the contention of the plaintiff is right, and the defendant must therefore perform her contract for the purchase of the property.