Mr. Justice ThacheR
delivered the opinion of the court.
The matter for adjudication in this case involves the construction. of a portion of the thirteenth section of the act of 1844, *699 entitled “ An act to amend the several acts of limitations,” which is as follows: “ That no judgment heretofore rendered in this state shall be a lien on the property of the defendant or defendants, for a longer time than two years from the passage of the act.” The act was'approved February, 24, 1844.
It is a contest between two judgment creditors, severally claiming preference of satisfaction out of a particular fund. The judgment of the appellee is prior in date and enrolment to that, of the appellant, and his execution came first to the hands of the sheriff, to wit, on the 24th day of January, 1846, and was levied on the 5th day of February, 1846, upon a portion only of the debtor’s property seized by the execution.
The circuit court directed the judgment of the appellee to be first satisfied out of the proceeds of the sales under execution, and the residue to be applied to that of the appellant. By virtue of the execution of the appellee, two slaves were levied upon, and sold at the price of $600, and the whole amount raised by the levy and sale of both executions was $826'25.
It is contended by the appellant, that as the sale under the executions did not occur until the 2d day of March, 1846, and that as at that date more than two years had expired since the passage of the above statute of limitations, the lien of the judgment of the appellee had ceased to operate, and he was not entitled to satisfaction out of the fund created by the sale under the executions.
By the ninth section of an act entitled “An act to amend an act entitled, an act to regulate the liens of judgments and decrees, approved 16th of February, 1841, and for other purposes,” passed February 24, 1844, it is enacted, “ That after a sale of any property by the sheriff or coroner on execution, before the money is paid over by him, he shall examine the “judgment roll,” to ascertain if there be any elder judgment or judgments, decree or decrees, forthcoming bonds or bonds forfeited therein, enrolled against the defendant or defendants in said execution, having a priority of lien, and if there be, he shall apply the proceeds of such sale to such elder judgments,” &c. In the case of Emanuel & Barnett, use, &c. v. Jones, use, &c., decided at this *700 term, [ante, 473,] we held, that the judgment lien of all judgments obtained prior to the passage of the act of limitations of Feb. 24, 1844, after being enrolled, lost their judgment lien in two years from that date. Now the judgment lien of the appellee expired upon the 24th of February, 1846, his judgment having been obtained prior to the passage of the limitation law of 1844. Upon the 24th of February, 1846, the sale under the executions had not taken place, and the sale must take place within the time allotted to be covered by the lien. Hence, the judgment lien of the appellant, as between the two, was the only judgment lien binding the property, and first entitled to satisfaction. The appellee takes any surplus that may remain by virtue of his execution upon his judgment.
The judgment is reversed, and a judgment directed to be entered here, ordering the appellant’s judgment to be first satisfied out of the proceeds of .the sales under execution, and the residue to be applied to that of the appellee.