Mr. Chief Justice Sharkey
delivered the opinion of the court.
This was an issue to try the right of property, the plaintiffs being the oldest judgment creditors, and the defendant being a bona fide purchaser under a junior judgment. The plaintiffs’ judgment accrued by virtue of the forfeiture of a forthcoming, bond on the.first of November, 1838. ' Execution again issued in January, 1839, but nothing was made. The judgment was. duly enrolled the 26th of June, 1844, and it thereby became alien- for two years from the 24th of February, 1844. An execution was again issued on the 19th, and was levied on the 23d of February, 1846, on the negro claimed.
The adverse claim of Mower is predicated on a sale made under a judgment in favor of Parham & Gibson against Robinson, the owner of the slave, rendered on the 27th of May, 1839. The property was sold under execution which issued on the 22d-day of April, 1841, and Mower became the purchaser on the 3d of May, 1841.
Mower made his affidavit on the 12th of March, 1846, and on that day gave his bond to prosecute his right.
The act of 1844 provides that judgments rendered before the passage of the act shall not operate as liens longer than two years after its passage. Under this statute, the lien of the plaintiffs’ judgment expired on the 24th of February, 1846, the day after the levy was made, and of course the lien had ceased oh the 12th of March, 1846, when Mower filed his claim.
The defendant had purchased under a junior judgment, before the passage of this statute, and of course held subject to the older lien, so long as that lien continued. The levy was made only one day before the lien expired, and the question is, whether this circumstance will prolong the lien, or so far perfect it as to *430 cut out Mower’s right. The case of Rupert v. Dantzler, 12 S. & M. 697, is decisive on this point. There it was decided that “ the sale must take place within the time allotted to be covered by the lien.” That case, like this, was one in which the levy had been made before the lien expired,' but the sale did not take place until afterwards, and the younger judgment creditor, whose lien had not expired, was preferred. The New York cases hold precisely the same doctrine on the statute of that state which limits the lien of judgments on real estate to two years. Little v. Harvey, 9 Wend. 157; Tufts v. Tufts, 18 Ib. 621; Graff v. Kip, 1 Edw. Ch. R. 619. The only conceivable ground for the application of a different rule of construction is, that in this case the subject of controversy is personal property ; in New York, the limitation applied to real property. Our statute makes a judgment a lien on both. A lien is a mere right to have a judgment satisfied out of the property of the defendant; it confers no right of property, but the right to levy an execution, to the exclusion of junior adverse claimants. As the law confers a general lien by the judgment on both real and personal property, the liens must be enforced in the same way, and of course within the same time, for the sheriff does not acquire such a right, by the seizure of personal property, as to constitute a consummation of the lien'. The doctrine, that the sheriff acquires a right by the seizure of personal property, and in virtue of that right alone may sell it, can have no such application in this case as to overreach the right of the claimant. The law creates the lien, but it cannot be consummated by sale in virtue of the mere lien; the aid of an execution is necessary. The law, in effect, declares that it will hold the property subject to execution for a certain length of time. Did the sheriff, in this instance, claim the property under the lien, or under the execution I' He could not under the former; it had expired. If he claimed a right, of property under the execution, then of course his right was subordinate to older rights. The sheriff’s right of property cannot be so ingrafted on the lien as to extend it beyond the time prescribed in the statute; for that would produce a different rule for the two kinds of property. It would *431 require that, as to real property, the sale should be made within two years, but as to personal property, that the levy should be made within two years. If his right of property, by virtue of the levy, is relied on, its origin cannot be extended beyond the levy. The instructions of the court, which were excepted to, are in accordance with this view, and the judgment must therefore be affirmed.