WILLIAM HANSON

*vs.*

ALBERT JOHNSON.

An execution issued July 6th, 1872, upon a judgment entered and dock-
eted November 21st, 1859, is void, notwithstanding a prior execution had
been issued upon said judgment on July 5th, 1862.

A sale upon such execution would not create a cloud upon title such as
would make a proper case for an injunction.

This action was brought in the district court for Hennepin
county, to enjoin the sale of real estate on execution, upon
the ground that it would cloud the plaintiff's title thereto.
The defendant demurred to the complaint. The demurrer
was overruled by the court below, and the defendant appeals
from the order overruling the same. The facts which are
alleged in the complaint as a cause of action are stated in the
opinion of the court.

L. M. STEWART, for Appellant.

ATWATER & BABCOCK, for Respondent.

*By the Court.*—BERRY, J.—November 21st, 1859, a money
judgment was entered and docketed in the Hennepin dis-
trict court in favor of Ovid Pinney, against several defend-
ants, of whom the present plaintiff is one. July 5th, 1862,
execution was issued upon said judgment and levied upon
personal property, but the levy abandoned, and the property
released at the request of the then assignee, and owner of the
judgment. July 6th, 1872, the present defendant, now

assignee and owner of the judgment, caused execution to be issued thereon, in pursuance whereof the sheriff to whom the same was directed levied upon real estate, property of this plaintiff, and advertised the same for sale, and the complaint alleges that he will proceed to sell the same unless restrained. This action is brought to enjoin the threatened sale upon the ground that it will cloud the plaintiff's title.

The execution of July 6th, 1872, having been issued more than ten years after the entry of the judgment, was entirely unauthorized, and void. *Gen. Stat.*, chap. 66, § 262, 264. *Ashton vs. Slater*, 19 *Minn.* 347.

The fact that an execution was issued July 5th, 1862, is mentioned above only for the purpose of remarking that it is unimportant: *Ashton vs. Slater, supra.*

The cases of *Davidson vs. Gaston*, 16 *Minn.* 230, and *Lamprey vs. Davidson, ib.* 480, are not like the case at bar, since in those cases the executions which were sustained were issued within ten years after entry of judgment.

But notwithstanding the execution is void, this is not a case for an injunction. The execution is upon its own face, and upon the face of the record in the action in which it assumes to be issued, void. A sale under such an execution, though it might practically occasion some annoyance, would create no cloud upon the plaintiff's title, since it would be void for reasons apparent upon the record, and upon the face of the proceedings. *Hart vs. Marshall*, 4 *Minn.* 294; *Armstrong vs. Sanford*, 7 *Minn.* 53; *Conkey vs. Dike*, 17 *Minn.* 457; *Sauchez vs. Carriaja*, 31 *Cal.* 170.

The order overruling defendant's demurrer to the complaint is therefore reversed.