GEORGE R. NEWELL *vs.* ODOLPHUS DART and others.

August 5, 1881.

**Life of Judgment not prolonged by Creditor's Bill.**—Under our statute, a judgment survives, and the lien thereof continues, for the period of 10 years, and no longer. Gen. St. 1878, c. 66, § 277. The commencement, within this statutory period, and the pendency, of an action on the part of the judgment creditor in the nature of a creditor's bill to reach property of his judgment debtor not subject to execution, will not operate to continue the life of his judgment beyond this statutory period of 10 years. Hence, if this period expires during the pendency of such action, his judgment will have ceased to exist, and his right to the relief sought will be gone.

Appeal by plaintiff from a judgment of the district court for Blue Earth county, where the action was tried by *Dickinson,* J., without a jury.

*Waite & Freeman,* for appellant.

*Pfau & Torrey, Daniel Buck,* and *P. A. Foster,* for respondents.

MITCHELL, J.* This is an action in the nature of a creditor's bill, brought by plaintiff, as judgment creditor of defendant Odolphus Dart, to reach a judgment held by the judgment debtor against defendants Lewis and Shaubut, and to have it applied in satisfaction of his own judgment. Charles B. Frazer, L. S. Dart and Daniel Buck are made defendants, for the purpose of having interests which they claimed to have in the judgment held by Odolphus Dart determined and postponed to the claim of the plaintiff. The judgment held by plaintiff against Odolphus Dart was rendered and docketed June 23, 1870. Execution had been issued on it July 15, 1870, and returned unsatisfied September 19, 1870. An *alias* execution had been issued on it September 20, 1878, and levied the same day upon the judgment now sought to be reached to satisfy this execution. The principal relief sought by plaintiff is that this judgment held by his judgment debtor, Odolphus Dart, against Lewis and Shaubut, be

---

*Dickinson, J., having tried the cause in the district court, took no part in the decision of this appeal.

appropriated to the payment of his own judgment against said Dart, and be for that purpose ordered sold under the *alias* execution issued thereon as aforesaid, and still in the hands of the sheriff. The theory upon which plaintiff has brought this action is that this judgment cannot, under the circumstances, be sold on execution; for if he had ample remedy by proceeding to sell the judgment on execution, uninterfered with by any fraudulent transfers or encumbrances on the part of defendants, he would have no cause of action, and his complaint should be dismissed.

Whether plaintiff's theory is or is not correct, it is not necessary to consider or determine, because, under our view of the law, the plaintiff, for another reason, must be necessarily defeated. It will be observed that plaintiff's judgment was recovered June 23, 1870. This action was commenced September 21, 1878. The trial of the action was closed, and the cause submitted to the court for its decision, July 11, 1880, and its decision filed August 11, 1880. The case was afterwards twice reopened,—once on application of defendants, and once on application of plaintiff,—and finally submitted, and additional findings filed, September 17, 1880, and final judgment entered thereon October 8, 1880.

The plaintiff's right to the relief sought depends entirely upon the existence of his judgment. This action is wholly ancillary to the judgment, and in aid of the execution issued thereon, for the purpose of reaching a certain chose in action of the judgment debtor, and having it applied in satisfaction of plaintiff's judgment. Hence, if plaintiff's judgment be dead, his whole case falls to the ground. It is provided by statute that a "judgment shall survive and the lien thereof continue for the period of ten years, and *no longer*." Gen. St. 1878, c. 66, § 277. In the present case this period expired June 23, 1880, and during the pendency of this action. Hence, before the final trial and decision of this case, and before judgment rendered therein, plaintiff's judgment had ceased to exist either as a cause of action or a lien, unless kept alive by the commencement and pendency of this action beyond the statutory period of ten years.

We do not think the pendency of this action had any such effect. It is not in any proper sense, as before remarked, an action brought

upon the judgment as a cause of action, in order to obtain a new judgment, but simply an action ancillary to, and for the purpose of obtaining satisfaction of, an existing judgment. It has been repeatedly held that a pending levy of an execution made during the life of a judgment will not operate to continue the life or lien of a judgment beyond the statutory period; that a judgment creditor must sell the property levied on within the statutory period of the life of the lien of the judgment; that a levy during that period neither creates a new lien, nor extends the judgment lien; that nothing but a renewal within the life of the judgment will continue the lien of the judgment; that if an execution is issued at so late a day that a sale cannot be made within the life of the judgment, it should be accompanied by a *scire facias* or renewal. *Tenney* v. *Hemenway,* 53 Ill. 97; *Gridley* v. *Watson,* Id. 186; *Isaac* v. *Swift,* 10 Cal. 71; *Bagley* v. *Ward,* 37 Cal. 121; *Rogers* v. *Druffel,* 46 Cal. 654; *Dickinson's Lessee* v. *Collins,* 1 Swan, 515; *Davis* v. *Ehrman,* 20 Pa. St. 256; *Rupert* v. *Dantlzer,* 20 Miss. 697.; *Beirne* v. *Mower,* 21 Miss. 427; *Graff* v. *Kip,* 1 Edw. Ch. 619; *Tuffts' Administrator* v. *Tuffts,* 18 Wend. 621; *Little* v. *Harvey,* 9 Wend. 157; *Roe* v. *Swart,* 5 Cow. 294.

It is true that these are all cases where the judgment creditor was proceeding entirely under his execution at law against property which could be taken and sold upon it. But we think they are in principle entirely analogous to the case at bar. We fail to see any distinction in principle between a case where, for the purpose of enforcing his judgment, a party resorts to execution to reach property liable to such process, and a case where, for the same purpose, he proceeds by creditor's bill or supplementary proceedings to reach assets not subject to execution. In both cases the object is the same,—to reach property of the debtor in order to satisfy an existing judgment,—and there is no more reason why a creditor's bill or supplementary proceedings (which are a statutory substitute for the former) should continue the life of a judgment beyond the statutory period in the one case, than that a levy under an execution should do so in the other. We are, therefore, of opinion that plaintiff's judgment became barred and ceased to exist, either as a cause of action or as a lien, during the pendency of this action. It is suggested by counsel

that a new judgment against Odolphus Dart might be rendered in this action. We think such relief would be entirely foreign to the nature and manifest purpose of the action. For the reasons given the judgment must be affirmed.

Judgment affirmed.