WILLIAM P. DOLE *vs.* JOSEPH P. WILSON and Wife.

November 7, 1888.

**Equity Suit to Enforce Judgment Barred by Statutory Limitation.**—
A judgment creditor, who has neglected to exercise reasonable diligence to enforce his judgment until it has expired by statutory limitation, is not entitled to equitable relief to enforce the satisfaction of the extinct judgment.

**Same—Laches—Reliance of Creditor on Statements by Debtor.**—A judgment creditor who accepted the bare statements of his debtor as to his property, and as to the good faith of the parties in respect to a record incumbrance, without resorting to the usual proceedings provided for the discovery of fraud, and to reach concealed property, *held* to have been negligent.

**Same—Limitation of Actions—Resulting Trusts.**—The rule excepting cases of trust from the operation of statutes of limitation is not applicable to a mere resulting trust.

**Same—Recovery of Money Judgment.**—A money judgment *held* recoverable upon a former judgment, although no case for equitable relief is shown.

In this action, brought in the district court for Benton county, judgment for defendants on the pleadings was ordered by *Baxter*, J., from which judgment the plaintiff appeals.

*John B. & W. H. Sanborn* and *Geo. W. Sweet,* for appellant.

*Taylor & Calhoun,* for respondents.

DICKINSON, J. This is an action to enforce a resulting trust in favor of the plaintiff, a creditor of the defendant Joseph P. Wilson, in respect to lands conveyed, upon purchase, to the wife of the latter; the consideration having been, as is alleged, paid by the husband. The case presents the question of the sufficiency of the facts alleged in the complaint to justify the relief sought. These facts are, in brief, as follows: The lands in question were purchased and conveyed to Wilson's wife between October, 1881, and November, 1883; the plaintiff's debtor, Wilson, paying the purchase price, and having the title conveyed to his wife for the purpose of defrauding his creditors. In October, 1876, the plaintiff had recovered a judgment against Wilson in the district court for more than $10,000. Wilson appealed from that judgment to this court, where, in October, 1877, his appeal was dismissed, and judgment for $31 costs was rendered against him. Executions were issued upon these judgments, and returned unsatisfied, no property being found; although, as is alleged, diligent search was made by the plaintiff's agents and attorneys. The plaintiff is a non-resident of this state. At various times after the rendition of these judgments, and prior to June, 1887, the plaintiff's attorney had conversations with the judgment debtor concerning the payment of the same, in all of which the latter stated that he was insolvent, and had no property of any kind; and that, if examined upon proceedings supplementary to execution, he would so swear; and that a certain judgment for more than $26,000, which had been entered against him in favor of one Corbett, prior to those of the plaintiff, was for a *bona fide* indebtedness, and that he was unable to pay the same. The plaintiff, to whom these representations were communicated by his attorney, believed them to be true; both he and his attorneys being deceived thereby, and thus induced to refrain from taking proceedings supplementary to execution, and from making any effort to enforce the collection of his judgments. They had no information of the falsity of these representations, or that the judgment debtor had paid the consideration for the conveyance of the lands in question to his wife, until June, 1887. These repre-

sentations of the debtor, as is alleged, were false,—he in fact at all times holding and controlling a large amount of property; and the Corbett judgment was not founded upon a real indebtedness, but was collusively entered, for the purpose of defrauding the plaintiff. This action was commenced in October, 1887, more than 10 years after the recovery of the plaintiff's judgment in the district court, but a little less than 10 years after his judgment for costs in this court. We will first consider the case with regard to the former judgment.

The plaintiff is seeking, through the equitable jurisdiction of the court, to have this land appropriated to the satisfaction of his judgment after the judgment itself has expired by lapse of time. Equity will regard the statutory limitation upon the life and enforcibility of the judgment, and will not interfere to enforce its satisfaction by means of its peculiar remedies, thus avoiding the effect of the statutory limitation, if by the plaintiff's own neglect the judgment has been suffered to remain unsatisfied until it has ceased to exist as a legal obligation. *Wood* v. *Carpenter*, 101 U. S. 135; *Newell* v. *Dart*, 28 Minn. 248, (9 N. W. Rep. 732.) The cases in which securities, as mortgages, created by the contract of the parties, have been made available after a right of action to recover the debt had been barred, do not support the plaintiff's claim in this action. The same reasons are opposed to the right to enforce the satisfaction of an extinct judgment by means of proceedings on the equity side of the court as are applicable to a legal execution. Of course, there may be cases where equity would afford relief upon the ground of fraud. The plaintiff's conduct, as set forth in the complaint, did not constitute such reasonable diligence for the discovery of property, and the enforcement of the judgment, as should entitle him to avoid the effect of the statute limiting the life and enforcibility of the legal obligation. *Morrill* v. *Madden*, 35 Minn. 493, (29 N. W. Rep. 193,) and 37 Minn. 282, (34 N. W. Rep. 25;) *Wood* v. *Carpenter*, *supra*. The plaintiff must be regarded as having acted in the light of the knowledge of the legal limitation of his right, and that the debtor stood in an attitude of hostility which might be expected to prompt him, if he was fraudulently attempting to evade the payment of the judgment, to conceal the truth when personally interviewed upon the subject. He knew, too, that the

.aw afforded searching, and presumably effective, means, subsequent to execution, for the discovery of property which, by legal or equitable proceedings, might be appropriated to the satisfaction of his demand. But the plaintiff appears to have accepted the bare statements of the debtor as to his property and the good faith of his conduct, in place of the legal remedies provided for the very purpose of searching out the truth, discovering fraud, and disclosing concealed property; and so he suffered the 10 years' period of limitation to run. This he was at liberty to do; but, as was said in *Morrill* v. *Madden*, he did it at his peril. This was not reasonable diligence for the enforcement of his judgment. Presumably, if proper proceedings had been taken, what is now alleged respecting the property of the debtor would have been disclosed.

The plaintiff contends that the lapse of time has not prejudiced the right of action here asserted, because, upon the facts alleged, the law implies and declares a trust in favor of creditors, as respects the land in question. The rule exempting cases of trust from the operation of statutes of limitation is not applicable to resulting trusts of this nature, which do not involve the peculiar confidential relations generally subsisting between trustees and *cestuis que trust*. *Howell* v. *Howell*, 15 Wis. 55; *Wilmerding* v. *Russ*, 33 Conn. 67; *McClane* v. *Shepherd*, 21 N. J. Eq. 76; *Farnam* v. *Brooks*, 9 Pick. 212, 242. The plaintiff is therefore not entitled to the equitable relief sought.

As respects the judgment for costs in this court, the result is the same. That judgment was still in force when this action was commenced, but it had expired before the cause was brought to hearing in the district court. It was held in *Newell* v. *Dart, supra*, that a judgment is not kept alive by the pendency of an equitable action to enforce satisfaction, and that the expiration of the judgment pending such an action terminates the right of action. As respects the alleged fraudulent conduct of the defendant, what has been said above is applicable to both judgments alike. But, as this latter judgment was still a valid obligation when this action was commenced, we discover no reason why, upon the facts alleged, the plaintiff was not entitled to recover a renewed money judgment against the judgment debtor; and for this cause the judgment for the defendants, ordered

upon the pleadings, is reversed as to the defendant Joseph P. Wilson, and affirmed as to the defendant Mary P. Wilson.

NOTE.  A motion for a reargument of this case was denied November 28, 1888.