SANDWICH MANUF'G Co. *vs.* JASPER W. EARL *et al.*

(Argued Jan. 23, 1894.    Affirmed Feb. 1, 1894.)

No. 8521.

**Action pending in another state, no bar.**

The pendency of an action in the state of North Dakota, between the same parties, and for the same cause of action, does not abate another action pending in this state.

**Jurisdiction presumed.**

A judgment of the United States Circuit Court for the District of Minnesota stands on the same footing as a domestic judgment of a court of

record in this state, and cannot be impeached in a collateral proceeding, unless a want of jurisdiction appears affirmatively on the record.

**Statute of limitation of actions.**

Where an action is commenced upon a judgment within ten years from the time of its rendition, it may be maintained and completed after the expiration of such ten years.

**Clerical error in the return of service.**

Where the true name of a defendant is "Jasper W. Earl," and as such is inserted in the summons, complaint, and judgment, but the marshal's return of service on the back of the summons states that he served it upon the within-named "Joseph W. Earl," the error will be deemed a clerical one, and will not invalidate the judgment record.

Appeal by Jasper W. Earl, one of the defendants, from a judgment of the District Court of Hennepin County, *Seagrave Smith,* J., entered August 17, 1893, against him for $1,504.17.

On March 12, 1883, the plaintiff, the Sandwich Manufacturing Company, recovered a judgment in the United States Circuit Court for the District of Minnesota, against the defendants, Jasper W. Earl and Lewis Hanson of Fergus Falls for $869.40. This judgment remained unpaid. Hanson removed to Fargo, N. Dak. and Earl to Minneapolis. On February 17, 1893, the plaintiff commenced this action upon the judgment in form against both the judgment debtors, but obtained service upon Earl only. About the same time it commenced another action in the District Court of Cass County, N. Dak., upon the judgment in form against both judgment debtors, but obtained service upon Hanson only.

The defendant Earl answered denying that he was served with process or appeared in the action in the Federal Court and denied that he had notice or knowledge of that action or judgment prior to the commencement of this action. He also set up the pendency of the action in North Dakota as a bar to this action. Plaintiff moved the court May 27, 1893, on affidavits and a certified copy of the judgment roll in the Federal Court, to strike out Earl's answer as sham and frivolous and for judgment. The motion was granted, the Judge saying:

"It is the settled law of this state that in collateral proceedings the jurisdiction of the court is conclusively presumed unless the contrary affirmatively appears on the face of the record itself. *Turrell* v. *Warren,* 25 Minn. 9.

"The pendency of an action in another state between the same parties and for the same cause of action does not abate the second suit. *Oneida County Bank* v. *Bonney,* 101 N. Y. 173."

Judgment was entered in form against both defendants (1878 G. S. ch. 66, § 67), and Jasper W. Earl appeals.

*Taylor & Woodard,* for appellant.

By virtue of his plea *nul tiel record,* defendant should have been allowed a trial and opportunity to introduce evidence thereunder. It was competent for him to prove on the trial that no service, either personal or otherwise, in the original action was ever made upon either defendant therein, and that each defendant was without this state and out of the jurisdiction of the court at the time of the alleged service. While recitals of jurisdictional facts in the record are *prima facie* evidence, they are such only, and all such recitals may be investigated, inquired into and in fact contradicted by parol. *Dozier* v. *Richardson,* 25 Ga. 90; *Galpin* v. *Page,* 18 Wall. 350; *Stone* v. *Skerry,* 31 Ia. 582; *Ferguson* v. *Crawford,* 70 N. Y. 253; *Carleton* v. *Bickford,* 13 Gray, 591; *Gilman* v. *Gilman,* 126 Mass. 26; *Pennywit* v. *Foote,* 27 Ohio St. 600.

The action pending in North Dakota was a bar to this action. It was admitted on the hearing that judgment has been entered in that action in form against both defendants. *United States* v. *Price,* 9 How. 83; *Baxley* v. *Linah,* 16 Pa. St. 241; *McGilvray* v. *Avery,* 30 Vt. 538; *Low* v. *Mussey,* 41 Vt. 393; *Mason* v. *Eldred,* 6 Wall. 231; *Lauer* v. *Bandow,* 48 Wis. 638; *Allis* v. *Davidson,* 23 Minn. 442.

The statute of limitations had run on plaintiff's cause of action prior to the rendition of the judgment appealed from. Such judgment survives and the lien thereof continues for a period of ten years and no longer. 1878 G. S. ch. 66, § 277; *Newell* v. *Dart,* 28 Minn. 248.

*Spooner & Taylor,* for respondent.

When a judgment is offered in evidence collaterally in another suit, its validity cannot be questioned except for want of jurisdiction in the court that rendered it. *Paul* v. *Smith,* 82 Ky. 451; *Har-*

*ris* v. *Lester*, 80 Ill. 307; *Porter* v. *Gile*, 47 Vt. 620; *Hotchkiss* v. *Cutting*, 14 Minn. 537; *State* v. *McDonald*, 24 Minn. 48; *Turrell* v. *Warren*, 25 Minn. 9.

An action on a judgment is a collateral proceeding. *Palmer* v. *Glover*, 73 Ind. 529; *Finneran* v. *Leonard*, 7 Allen 54; *Cook* v. *Darling*, 18 Bick. 393.

A judgment of the Circuit Court of the United States is supported by presumption of jurisdiction unless the contrary is disclosed by the record. *Pierro* v. *St. Paul & N. P. Ry. Co.*, 37 Minn. 314; *Chouteau* v. *Hunt*, 44 Minn. 173.

A party to a judgment of a court of competent common law jurisdiction can impeach it for defect of process or want of service only by proceedings instituted directly for that purpose. Domestic judgments, however, cannot be thus impeached collaterally by the parties thereto. Defendant should move in the former action. *Hendrick* v. *Whittemore*, 105 Mass. 23; *Walker* v. *Cronkite*, 40 Fed. Rep. 133; *Thomas* v. *Ireland*, 88 Ky. 581.

Upon the point of another action pending we refer to what the learned trial Judge said and cite the following: *Lyman* v. *Brown*, 2 Curt. C. C. 559; *Eaton, &c., R. Co.* v. *Hunt*, 20 Ind. 457; *Humphries* v. *Dawson*, 38 Ala. 199; *Newell* v. *Newton*, 10 Pick. 470.

BUCK, J. This is an action brought upon a judgment rendered and docketed in the United States circuit court for the District of Minnesota on the 12th day of March, 1883, wherein the same parties were there plaintiff and defendants, respectively. In February, 1893, a transcript of the judgment was duly filed and docketed in the office of the clerk of the District Court of Hennepin county, Minn., and thereafter, and before the expiration of the period of limitation for bringing actions upon judgments, the plaintiff, upon leave of the District Court of said county for that purpose duly had and obtained, commenced this action for the purpose of reviving the judgment, and preventing the running of the statute of limitations. Service of the summons was obtained upon defendant Earl, but the other defendant, Hanson, was not a resident of this state, and no service of summons was made upon him in this action.

The defendant Earl appeared and answered separately, admitting

the general jurisdiction of the United States Circuit Court for the District of Minnesota, and its jurisdiction between citizens of any other state of the United States and citizens of the state of Minnesota; and that, at the time that said judgment was so recovered in the last-named court, the defendants were partners under the firm name of Earl & Hanson, doing business as such at Fergus Falls, in the state of Minnesota, and that plaintiff was, and still is, a copartner. The defendant Earl, however, denied that he was ever personally served with a summons in the original action, or that it was ever served upon him, and denied that there was any record of any such service or of any such action or judgment against him in the said United States Circuit Court, and denied that he had any notice or knowledge of said alleged action or of said judgment prior to the service upon him of the summons in this action. He also alleged that there was, at the time of answering, another action pending in the District Court in the county of Cass, in the state of Dakota, between the same parties, and for the same cause of action as that in the complaint in this action set forth.

Plaintiff, in its reply, admitted the pendency of such action, but alleged that in said action it had never been able to obtain service of the summons upon this defendant, Earl, and that it could not be made upon him.

After the plaintiff had filed its reply in this action, it moved to strike out the defendant's answer as false, frivolous, and sham, and for judgment against defendant, which motion was based upon the pleadings in this action, the affidavits of plaintiff's attorneys, and the authenticated copy of the judgment roll and judgment on which this action was brought, which motion was granted by the court below. No counter affidavits or evidence of any kind was produced by defendant on this motion. This, on the part of the defendant, is a collateral attack on the judgment rendered in the United States Circuit Court. It is not a direct attack upon the judgment for the express purpose of annulling, vacating, setting it aside, or in any manner modifying it or applying for a decree to enjoin its execution.

The answer simply denies the existence of any such record, and seeks to impeach its verity by such denial without the slightest intimation of fraud or mistake, except that he denies that he ever

had any notice of such proceedings, and alleges that no summons was ever served upon him. But this is not the proper method or proceeding for the defendant to test the validity of the record. If the proceedings whereby the original judgment was obtained were fraudulent, he had his remedy to proceed directly in the same action, and have the question tried, and, if fraudulent, have the judgment vacated. It seems strange that personal service was made upon his partner, Hanson, and judgment entered against both defendants in March, 1883, in the United States Circuit Court of this state, and that he never knew of it until the commencement of this action. But, assuming this to be true, he had his remedy, and could have acted at once when this action was commenced, and could have made application for opening the original judgment, and there had the question tested which he now raises here.

The original judgment shows jurisdiction of the subject-matter and of the persons of the defendants, and in such a case it cannot be impeached collaterally by such allegations as are contained in the defendant's answer, and in this indirect manner. The judgment of the United States Circuit Court for the District of Minnesota stands on the same footing as a domestic judgment of a court of record of this state, and it cannot be impeached in a collateral proceeding for want of jurisdiction, unless such want of jurisdiction appears affirmatively on the record. *Turrell* v. *Warren*, 25 Minn. 9. In the case of *Nye* v. *Swan*, 42 Minn. 244, (44 N. W. 9,) this court held "that the presumption of jurisdiction supporting the judgment of a court of general jurisdiction is not overcome merely by the absence from the judgment roll of the evidence showing that jurisdiction had been acquired."

If the judgment was fraudulently or wrongfully obtained, the law affords an ample remedy for redress, but it does not permit public judicial records to be assailed in this collateral manner. *State* v. *McDonald*, 24 Minn. 48. Such records ought to remain in full force until vacated by proper authority, and by a direct proceeding, unless there is something upon their face showing want of jurisdiction. In one respect the defendant claims that there is such a defect upon the record, viz. that the return of the United States marshal shows that the summons was served upon "Joseph W. Earl," while his true name is "Jasper W. Earl." The marshal's return on the back

of the summons is as follows: "United States of America, District of Minnesota. I hereby certify that I served the annexed summons on the within-named defendants, Joseph W. Earl and Lewis Hanson, personally, by handing to and leaving with them, and each of them, a true copy thereof, at Fergus Falls in said District, on the 17th day of February, 1883. [Signed] H. R. Denney, U. S. Marshal. By Henry Marlesen, Deputy."

The true name of the defendant is Jasper W. Earl, and as such it was inserted in the summons and complaint, and in the judgment. If the summons was served upon the defendant, as certified to by the United States marshal, it contained his true name, and it was therefore a good service, and the defendant was thereby in no way misled. In fact, there was nothing to mislead him, for, the summons being correct on its face, he had proper and legal notice, and the court acquired jurisdiction of the action. The certificate shows service on the defendants personally, and the court so found before the entry of judgment. The spelling of the name "Joseph" instead of "Jasper," was a mere clerical error, and, as the marshal's return certified that it was served on the "within-named defendants," who were the actual defendants, we find no error in this respect. *Peterson* v. *Little*, 74 Iowa, 223, (37 N. W. 169.)

It is further contended by the appellant that there is an action pending between the same parties, and for the same cause of action, in the courts of the state of North Dakota.

If this is true, that, of itself, would not abate this action. That is a different jurisdiction, and the plea of abatement cannot prevail unless the causes of action are pending in the same jurisdiction.

In this case it is not alleged that the action in Dakota was commenced or pending prior to the commencement of this action. However, the rule is too well settled to need argument that the pendency of an action in another state, between the same parties, and for the same cause of action, does not abate another suit pending in this state. *Douglass* v. *Insurance Co.*, 138 N. Y. 209, (33 N. E. 938.)

There is but one point more which we need notice, and that is the contention of the defendant that the statute of limitations had run on the plaintiff's cause of action, whereby an action thereon was barred, for the reason, as defendant claims, that, if the plaintiff would avail itself of the statute, it must conclude, finish, or com-

plete the action, and all proceedings thereunder, within the ten years. But 1878 G. S. ch. 66, § 277, which provides that "such judgment shall survive and the lien thereof continue for a period of ten years and no longer" must be construed in connection with 1878 G. S. ch. 66, §§ 4, 5, which provide that an action may be commenced upon a judgment or decree of a court of the United States, or of any state or territory of the United States within ten years. This permits an action to be commenced upon any such judgment on the very last day of the ten years limited; and to say that such action would close on the very next day after the expiration of the ten years would frequently result in rendering sections 4 and 5, above referred to, inoperative. A judgment constitutes, of itself, a cause of action, and, like other causes of action, a suit may be brought upon it within the time limited by statute, and such suit may proceed to trial and judgment even after the expiration of the ten years limited for commencing actions upon such judgments. *Dole* v. *Wilson*, 39 Minn. 330, (40 N. W. 161.)

The judgment appealed from is affirmed.

(Opinion published 57 N. W. Rep. 938.)