HENRY W. LAMBERTON *vs.* WILLIAM S. GRANT.

Kennebec.    Opinion January 7, 1901.

*Limitations.    Foreign Judgment.    U. S. Const. § 1, Art. 4.    R. S., of U. S. c. 81, § 101.    Minn. Statutes.*

Statutes of limitations are laws of process, and where they do not extinguish the right itself, are deemed to operate upon the remedy merely, and all questions arising under them must be determined by the law of the state where the action is brought and not by the law where the contract is made.

*Held;* that the statute of limitations of Minnesota, prescribing the effect of absence from the state with respect to the time when an action may be commenced, pertains solely to the remedy, and neither interprets, qualifies nor extinguishes the right. It does not constitute a part of the judgment, and cannot follow it beyond the bounds of Minnesota. Its field of operation is in the enacting state, and it cannot be asserted in support of an action in a sister state.

Under section 1, of Art. 4 of the U. S. Constitution, and the act of Congress approved May 26, 1790, the judgment of a foreign court is made in an action upon the same in another court a debt of record, not examinable upon its

merits; but it does not carry with it into another state the efficacy of a judgment upon property or persons to be enforced by execution. To give it the force of a judgment in another state, it must be made a judgment there and can only be executed in the latter as its laws may permit. It is therefore put upon the footing of a domestic judgment; by which is meant, not having the operation and force of a domestic judgment, but a domestic judgment as to the merits of the case, or subject matter of the suit.

The plea of the statute of limitations, in an action instituted in one state on a judgment obtained in another state, is a plea to the remedy; and consequently the lex fori must prevail in such a suit.

ON REPORT.

The case appears in the opinion.

*Geo. W. Heselton*, for plaintiff.

*H. M. Heath and C. L. Andrews*, for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

WHITEHOUSE, J. This is an action of debt on a judgment for $9338.85 rendered by the District Court of Minnesota November 10th, 1877. The cause of action on which the judgment was rendered accrued September 1st, 1873, through a guaranty by the defendant of certain promissory notes dated respectively June 30th and July 17th, 1871. The plaintiff is a resident of Minnesota and the defendant a resident of Farmingdale in the State of Maine. The writ in this case is dated January 28th, 1899.

It appears that no part of this judgment has ever been paid. Section 1 of Art. 4 of the Constitution of the United States provides that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state;" and the act of congress passed May 26, 1790, after providing the mode of authentication, declares that "the said records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from whence the said records are or shall be taken." By this law the judgment of the court "is made a debt of record, not examinable upon its merits; but it does not carry with it into another state the efficacy of a

judgment upon property or persons to be enforced by execution. To give it the force of a judgment in another state, it must be made a judgment there and can only be executed in the latter as its laws may permit. . . . . It is therefore put upon the footing of a domestic judgment; by which is meant, not having the operation and force of a domestic judgment but a domestic judgment as to the merits of the case, or subject matter of the suit." *McElmoyle* v. *Cohen*, 13 Peters, 312.

In the case at bar, however, no question is made respecting the validity of the judgment in suit at the time it was rendered by the court in Minnesota. The defendant was a resident of that state at the time of the commencement of the action in which this judgment was rendered, and duly appeared by counsel and answered to the suit. There is no suggestion and nothing upon the face of the record to show, that the District Court of Minnesota did not have jurisdiction of the subject matter of the suit as well as of the parties thereto. Its adjudication, therefore, established the relation of debtor and creditor between the parties and determined the amount of the indebtedness as a matter of record. It was a final and conclusive judgment between them.

But the defendant pleads nul tiel record and in accordance with the specification set out in his brief statement, contends that under a statute of Minnesota, which is printed as a part of the record in this case, the judgment in suit survived for a period of ten years and no longer, and that it accordingly ceased to exist as a judgment on the tenth day of November, 1887.

Section 254, Title 21 of Chapter 66 of the General Statutes of Minnesota for 1866, as amended by Chapter 67 of the Session Laws of 1870, is as follows: "On filing a judgment roll, upon a judgment requiring the payment of money, the judgment shall be docketed by the clerk of the court in which it was rendered, and in any other county, upon filing in the office of the clerk of the District Court of such county, a transcript of the original docket; and thereupon the judgment from the time of docketing the same, becomes a lien on all the real property of the debtor in the county, owned by him at the time of the docketing of the judgment, or

afterward acquired; said judgment shall survive, and the lien thereof continue, for the period of ten years and no longer."

In this amended form, the statute has been in force as the law of Minnesota since February 12th, 1870. In the Gen. Stat. of 1878, it appears as § 277 of chap. 66. It is shown by the transcript of the record introduced in evidence that the judgment in suit was one for the payment of money and that it was filed and docketed November 10th, 1877. It is, therefore, confidently claimed in behalf of the defendant that the rights of the parties to this suit must be determined by the provisions of this statute, and that according to its plain and unambiguous terms the judgment in suit has been extinct more than eleven years prior to the commencement of this action. It could "survive for the period of ten years and no longer" from November 10th, 1877.

In the interpretation of a statute recourse is properly had to the decisions of the courts which have placed a construction upon it in the state in which it was enacted, such decisions being deemed essentially a part of the law itself. So in determining what scope and effect shall be given to the statute above quoted, recourse is necessarily had to the official opinions of the Supreme Court of Minnesota. It is contended by the defendant that the construction given to the statute by that court is in harmony with his contention that the judgment declared upon was not in existence at the date of the plaintiff's writ.

In *Newell* v. *Dart*, 28 Minn. 248, decided August 5th, 1881, the judgment was rendered, filed and docketed June 23rd, 1870, and on the twenty-first day of September, 1878, the plaintiff brought a creditor's bill asking that certain property belonging to the defendant on which he had no statutory lien, might be applied in part satisfaction of his judgment. October 8th, 1880, the District Court rendered its decision for the defendant holding that the judgment ceased to exist June 23, 1880, during the pendency of the plaintiff's bill. On appeal the decision of the District Court was affirmed by the Supreme Court. In the opinion the court say: "The plaintiff's right to the relief sought depends entirely upon the existence of his judgment. . . . . If the plain-

tiff's judgment is dead, his whole case falls to the ground. It is provided by statute that a 'judgment shall survive, and the lien thereon continue, for a period of ten years and no longer.' Gen. Stat. 1878, Chap. 66, § 277. In the present case this period expired June 23rd, 1880, and during the pendency of this action. Hence, before the final trial and decision of this case, and before judgment rendered thereon, plaintiff's judgment had ceased to exist either as a cause of action or a lien, unless kept alive by the commencement and pendency of this action beyond the statutory period of ten years. . . . . We do not think the pendency of this action had any such effect. . . . . We are, therefore, of opinion that plaintiff's judgment became barred and ceased to exist either as a cause of action or as a lien during the pendency of this action." This decision was rendered by a unanimous court and stands unreversed.

In *Dole* v. *Wilson*, 39 Minn. 330, a judgment was recovered against the defendant in the District Court for $10,000 in October, 1876. On appeal this judgment was affirmed by the Supreme Court in October, 1877, and a second judgment for $31 costs was rendered against him. By reason of the false representations of the defendant in regard to his financial condition, the plaintiff refrained from taking any measures to enforce these judgments until October, 1887, more than ten years after the recovery of the judgment in the District Court. He then brought this bill in equity to reach property alleged to have been conveyed by the defendant to his wife in fraud of creditors. In refusing to grant the relief thus sought the court say: "This action was commenced in October, 1887, more than ten years after the recovery of the plaintiff's judgment in the District Court; but a little less than ten years after his judgment for costs in this court. The plaintiff is seeking through the equitable jurisdiction of the court to have this land appropriated to the satisfaction of his judgment after the judgment itself has expired by lapse of time. Equity will regard the statutory limitation upon the life and enforcibility and will not interfere to enforce its satisfaction by means of its peculiar remedies, . . . . if by the plaintiff's own neglect the judgment

has been suffered to remain unsatisfied until it ceased to exist as a legal obligation."

"As respects the judgment for costs in this court, the result is the same. That judgment was still in force when this action was commenced, but it had expired before the cause was brought to hearing in the District Court. It was held in *Newell* v. *Dart*, 28 Minn. 248, that a judgment is not kept alive by the pendency of an equitable action to enforce satisfaction, and that the expiration of the judgment pending such an action terminates the right of action. As respects the alleged fraudulent conveyance of the defendant, what has been said above is applicable to both judgments alike. But, as this latter judgment was still a valid obligation when this action was commenced, we see no reason why, upon the facts alleged, the plaintiff was not entitled to recover a renewed money judgment against the judgment debtor."

In *Spencer* v. *Haug*, 45 Minn. 231, decided January 13th, 1891, the defendant claimed title to the land in dispute under a sale made May 20th, 1872, on an execution issued on a judgment rendered and docketed May 19th, 1862. The principal question presented was whether the execution sale took place during the life of the judgment. In the opinion the court say: "It was settled by *Newell* v. *Dart*, 28 Minn. 248, that the sale on execution must be made within the life of the judgment. The case is, therefore, reduced to the proper method of computing time in order to determine when the ten years expired." As May 19th, 1872, was Sunday, it was held that under another statute of Minnesota the ten years would include May 20th, and that the sale on the execution was made within the life of the judgment. To like effect was the decision in *Ashton* v. *Slater*, 19 Minn. 347, and in *Hanson* v. *Johnson*, 20 Minn. 194.

The defendant claims that by this line of decisions the Supreme Court of Minnesota has construed the statute in question according to its plain terms and manifest intent, and uniformly held that such a judgment "shall survive for a period of ten years and no longer," and that at the expiration of that time it ceases to exist as a judgment and also as a cause of action. His contention in defense is,

that at the date of the plaintiff's writ in this case, there was no subsisting judgment in Minnesota upon which an action of debt would lie either in Minnesota or in Maine.

On the other hand, the plaintiff argues that the statute upon which the defendant relies must be construed in connection with the statute of limitations of Minnesota. The sections to which he invites special attention are found in chapter 66 of the Gen. Stat. of 1878, as follows:

Sec. 3. Actions can only be commenced within the period prescribed in this chapter, after the cause of action accrues, except where in special cases a different limitation is prescribed by statute.

Sec. 4. No action for the recovery of real property, or for the recovery of the possession thereof, shall be maintained unless it appears that the plaintiff, his ancestor, predecessor or grantor was seized or possessed of the premises in question within fifteen years before the commencement of the action.

The periods prescribed in the preceding sections for the commencement of action are as follows:

Sec. 5. Actions upon Judgments or Decrees. Within Ten Years.

First: An action upon a judgment or decree of a Court of the United States or any state or territory of the United States.

Sec. 15. If, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the time herein limited after his return to the State; and if, after the cause of action accrues, he departs from or resides out of the State, the time of his absence is not part of the time limited for the commencement of actions.

It is conceded that the defendant has not resided in Minnesota since 1877, and the plaintiff claims that § 277 relied upon by the defendant, declaring that judgments "shall survive for the period of ten years and no longer," must be construed in connection with sections 4 and 5 prescribing ten years as the limitation of actions

on judgments and with section 15, relating to absence from the state. He contends that under these statutes, so construed, if the defendant should now return to Minnesota, an action of debt against him on this judgment would be sustained by the courts of that state; and if sustainable in Minnesota, he argues that it is equally sustainable in Maine.

In support of this contention the plaintiff cites two decisions of the Supreme Court of Minnesota, viz: *Sandwich Mfg. Co.* v. *Earl*, 56 Minn. 390, and *Osborne* v. *Heuer*, 62 Minn. 507. In the former case (*Sandwich Mfg. Co.* v. *Earl*), the plaintiff recovered judgment March 12th, 1883, and brought an action of debt thereon February 17th, 1893, but the cause was not decided until February 1st, 1894. The defendant invoked the statute relied on by the defendant in this case, and the authority of *Newell* v. *Dart*, supra, in support of his contention that the judgment "survived for a period of ten years and no longer," and that it became extinct during the pendency of the action. In the opinion the court say, inter alia: "There is but one point more which we need to notice and that is the contention of the defendant that the statute of limitations had run on the plaintiff's cause of action whereby an action thereon was barred for the reason, as defendant claims, that if the plaintiff would avail itself of the statute it must conclude, finish or complete the action and all proceedings thereunder within the ten years. But Gen. Stat. 1878, c. 66, par. 277, which provides that such judgment 'shall survive and the lien thereof continue for a period of ten years and no longer,' must be construed in connection with Gen. Stat. 1878, c. 66, par. 4 and 5, which provide that an action may be commenced on a judgment . . . . within ten years. This permits an action to be commenced upon any such judgment on the very last day of the ten years limited, and to say that such action would close on the very next day after the expiration of the ten years would frequently result in rendering sections 4 and 5 above referred to inoperative. A judgment constitutes of itself a cause of action, and like other causes of action a suit may be brought upon it within the time limited by statute, and such suit may proceed to trial and judgment even

after the expiration of the ten years limited for commencing actions upon such judgments, *Dole* v. *Wilson*, 39 Minn. 330."

It has been noticed that in this case the action was commenced within the "period of ten years" after the judgment was rendered and docketed, and that the statute which gives the judgment life for only ten years, and the statute of limitations which bars an action upon it in ten years, could reasonably be construed together in order that the rights of the parties might be determined as of the date of the writ.

*Osborne* v. *Heuer*, 62 Minn. 507, was an action on a promissory note. The plaintiff had obtained judgment February 16th, 1884, and January 2nd, 1893, the judgment being unpaid, Holzkamp, one of the defendants, gave the note in suit, which contained a statement that it was "given for the purpose of securing and getting an extension of time on account of said judgment." The action on this note was commenced prior to February 16th, 1894, within ten years from the rendition of the judgment, but was not tried until June, 1894. In reversing the decision of the court below the Supreme Court say: "When plaintiff rested, the court on motion of the defendants, dismissed the action, on the ground as stated in the record, that the note was given as collateral to the judgment, and inasmuch as the judgment had 'ceased to exist,' (meaning we assume, that it was barred by the statute of limitations) the plaintiff could not recover on the collateral. The correctness of this ruling is the only question presented by this appeal. The court seems to have assumed that the note was simply collateral security for the payment of the judgment. Whether this was correct, or whether it operated as conditional payment, and a suspension of the debt until the maturity of the note, we need not inquire, for the court was clearly in error in holding that the judgment was barred by the statute of limitations. The giving of the note in question was clearly an acknowledgment and a new promise on the part of Holzkamp, which took the case out of the operation of the statutes as to him. The lien of the judgment on real estate, if any, may have ceased by reason of the lapse of ten years from its rendition; but the judgment remained a subsisting debt against Holzkamp, upon which an action might be brought."

The significance of this language, in the last sentence of the opinion, must be determined with reference to the facts stated, and the question necessarily involved and actually adjudicated. The court simply decided that, where a promissory note is given for a judgment before the expiration of ten years from its rendition, an action on the note which is commenced within ten years from the rendition of such judgment is maintainable, although not tried and concluded until after the expiration of such period of ten years. The principle involved in this decision is in entire harmony with the previous decisions of the court and parallel with the doctrine of *Sandwich Mfg. Co.* v. *Earl*, 56 Minn. supra; and that doctrine, as already seen, is that although section 277 declares that a judgment " shall survive ten years and no longer; " yet, in order to give reasonable scope to sections 4 and 5 of the statute of limitations, an action on a judgment commenced within ten years from its rendition may be finished after the expiration of the ten years. But the case is plainly not an authority for the proposition that either section 277, Ch. 66, Gen. Stat. 1878, or section 5 of the statute of limitations or any other statute of Minnesota, authorizes the maintenance of an action of debt on a judgment commenced more than ten years after its rendition. Nor has any other case been cited by counsel or otherwise brought to the attention of the court in which it has been so held by any court in Minnesota.

Nor has any case been discovered in which it has been held by the courts of Minnesota that section 277 of chap. 66, should be construed in connection with section 15 of the statute of limitations, providing that the time of the defendant's "absence from the state is not a part of the time limited for the commencement of actions," so that an action on this judgment might now be maintained against the defendant in Minnesota if he should return and be served with process in that state.

But, whether or not an action on this judgment is now maintainable in Minnesota in the event above named, is a question which the decision of the principal case does not require the court to determine. Assuming that it might be held in that state, that

under section 277 the judgment "survived ten years and no longer," and had ceased to exist as a judgment, but that under section 15 of the statute of limitations the judgment might still be received there as sufficient evidence of a subsisting debt to support an action upon it by proving the defendant's non-residence, it by no means follows that an action of debt on the judgment can be maintained in this state, against the defendant's plea of nul tiel record, by virtue of a provision in the statute of limitations of Minnesota regulating the remedy in that state.    It is a well settled and familiar principle that remedies on contracts are to be regulated and controlled by the law of the place where the action is brought, and not by the law of the place of the contract.    *Thibodeau* v. *Levassuer*, 36 Maine, 362; *Mowry* v. *Cheesman*, 6 Gray, 515; Wood on Lim. of Actions, § 8, and cases cited.    It is equally well settled that laws of limitation are laws of process, and where they do not extinguish the right itself, are deemed to operate upon the remedy merely, and all questions arising under them must in like manner be determined by the law of the forum and not by the law of the situs of the contract.    *De Couche* v. *Savelier*, 3 Johns. Ch. 190; *McElmoyle* v. *Cohen*, 13 Peters, supra; Wharton's Conflict of Laws, § 533.    In *Townsend* v. *Jemison*, 9 How. 407, the court say:    " The uniform administration of the law has been that the lex loci contractus expounds the obligation of contracts, and a statute of limitation prescribing a time after which a plaintiff shall not recover, unless he can bring himself within its exceptions, appertains ad tempus et modum actionis institudendae, and not ad valorem contractus."

It cannot be questioned, that sections 4, 5 and 15 of chapter 66 of Gen. Stat. of Minnesota of 1878, are distinctively a statute of limitations.    Sections 4 and 5 expressly relate to the "time of commencing actions," and section 15 prescribes the "effect of absence from the state" with respect to the time when an "action may be commenced."    This enactment is uniformly treated as an ordinary statute of limitations by the courts of Minnesota as shown by the cases above cited from that state.    It prescribes a law of process, and pertains solely to the remedy.    It neither interprets, qualifies, nor extinguishes the right conferred by the judgment.

It does not constitute a part of the judgment, and cannot· follow it beyond the bounds of Minnesota. Its field of operation is in the enacting state and, it cannot be asserted in support of the plaintiff's action in a sister state.

On the other hand, the principle is equally well settled that when the statute in question not only destroys the right of action, but operates also to extinguish the cause of action, the right or debt itself, it may be successfully invoked as a bar to the action in whatever state it may be brought. Wharton's Confl. of Laws, § 538; Wood on Lim. of Actions, §§ 8 and 9, and authorities cited. In such case the lex loci contractus and not the lex fori, will control. *McMerty* v. *Morrison*, 62 Mo. 140; *Fletcher* v. *Spaulding*, 9 Minn. 64. In Wood's Lim. of Actions, § 8, the author says: "Where the law of prescription or limitation of a particular country not only extinguishes the right of action, but the claim of title or cause of action itself, ipso facto, and declares it a nullity after the lapse of the prescribed period, such law of prescription or limitation may be set up in any other country to which the parties may remove, as an absolute bar by way of extinguishment, provided the parties have been resident within the foreign jurisdiction during the whole period of limitation, so that the law has actually operated upon the case as an extinguishment of the claim, and not merely as a limitation of the remedy."

It has been seen that sect. 277 of chap. 66 of the Gen. Stat. of Minnesota for 1878, declares that a money judgment "shall survive for ten years and no longer," and that under the decisions of that state, it ceases to exist as a judgment at the end of that time. This statute prescribes the condition on which the plaintiff accepted his judgment. It is a qualification of his right in the statute creating it. Its purpose was not to limit the right of action upon it. That purpose is accomplished by sect. 5 of the statute of limitations, declaring that the action must be commenced within ten years. Section 277 is not a statute of limitations. It was distinctly so held in *Ashton* v. *Slater*, 19 Minn. 347. It extinguishes the judgment itself at the end of ten years. The condition thus becomes an integral part of the judgment and

follows it to every jurisdiction in which the parties may reside. After the lapse of ten years it is no longer a subsisting judgment upon which an action of debt can be maintained in this state. True, there is here no statute of limitations upon such a judgment, but only a rebuttable presumption of payment after the lapse of twenty years; and it is conceded that the plaintiff's jndgment has not been paid. But by the law of the state creating it, its life was limited to ten years, and after the lapse of twenty-three years it must be held to have expired by its own limitation. See *St. Louis Type Foundry Co.* v. *Jackson,* 128 Mo. 119.

*Judgment for the defendant.*