MATTHEW BROWN and Another v. PATRICK DOOLEY and Another.[1]

June 9, 1905.

Nos. 14,325—(118).

**Action Against Co-Obligor—Judgment.**

The provisions of sections 5436–5441, G. S. 1894, authorizing proceedings against the co-obligor of a judgment debtor not served in the action, or a party thereto, must necessarily rest upon a valid judgment, and no action can be brought under these statutes against such co-obligor subsequent to ten years from the docketing of such judgment.

Proceedings in the district court for Rice county under sections 5436-5441, G. S. 1894, to bind defendant Frank Hamel by a judgment previously entered in favor of plaintiffs against defendant Dooley upon the joint obligation of defendants. The case was tried before Buckham, J., who found in favor of defendant Hamel. From a judgment entered pursuant to the findings plaintiff Matthew Brown, appealed. Affirmed.

Geo. N. Baxter, for appellant.

R. J. Montague, for respondent.

LOVELY, J.

This is a proceeding to bind the co-obligor of a judgment debtor under the provisions of sections 5436-5441, G. S. 1894. The cause was tried to the court, who made findings of fact, and held that plaintiff was not entitled to recover. Judgment was entered for defendant Hamel. Plaintiff Matthew Brown appeals.

[1] Reported in 103 N. W. 894.

The evidence is not returned, and this appeal is to be determined upon the findings of the trial court, from which it appears that defendants Patrick Dooley and Frank Hamel were residents of Rice county previous to 1882, and became liable for supplies furnished them jointly by plaintiffs. On January 25, 1882, the plaintiffs commenced an action against both Dooley and Hamel for the recovery of the amount due on the joint obligation, and the sheriff returned the summons as served upon defendant Hamel on that day by leaving the same at the house of his last usual abode, with a person of suitable age and discretion, then resident therein. Dooley, who had been served, appeared in the action; and, after a trial, judgment was entered against him, and also against Hamel, on June 10, 1882, for $1,046.59. Thereafter, on June 1, 1892, an action was commenced in the district court for Rice county by plaintiffs against Patrick Dooley and Frank Hamel on the judgment heretofore referred to. In this suit Dooley alone was served. The sheriff returned that Hamel had not been found. On July 29, 1892, judgment was rendered and docketed in this action for plaintiffs, and in form against both defendants jointly, for the sum of $1,802.31, which was based upon a renewal of the judgment of 1882, before referred to. At the time when the first action was commenced, defendant Hamel had left Rice county, did not nor has he since returned, and his whereabouts have been unknown until October 2, 1902, when the present proceeding was commenced against him alone under the provisions of section 5436, G. S. 1894, and the five subsequent sections, upon the ground that he was jointly indebted with Dooley upon the original obligation against the latter, which judgment had been twice secured against Dooley.

These statutory requirements for holding the unserved joint obligor of a judgment debtor were thus attempted to be made effective, and proceedings were adopted which were sufficient in form, at least, for that purpose, if the legal liability therein provided for existed. Conceding, for the sake of argument, without deciding, that the defendant Hamel could be thus jointly obligated with Dooley, and bound by the judgment against that defendant in this proceeding, notwithstanding the general statute of limitations, which restricts an action on a judgment to ten years (G. S. 1894, § 5135), there is a still more direct and positive legislative prohibition against the maintenance

of any suit or claim on this judgment. Section 5425, G. S. 1894, has been in force and has continued since the several actions referred to in the findings were commenced, wherein it is in terms declared that

> Said judgment [when docketed] shall survive and the lien thereof continue for the period of ten years and no longer.

It is impossible to avoid the conclusion which follows from this clear and explicit language. It will admit of no other construction than that a judgment becomes legally dead, has discharged its office, and is functus officio after the time prescribed. This has been the construction which has heretofore been given to this statute in the following cases: Newell v. Dart, 28 Minn. 248, 9 N. W. 732; Dole v. Wilson, 39 Minn. 330, 40 N. W. 161; Spencer v. Haug, 45 Minn. 231, 47 N. W. 794. See a very interesting review of these cases in an action brought on a Minnesota judgment in the state of Maine, where the peculiar statutory rule of our state is considered and applied by the Supreme Court in that jurisdiction, and where it was held that, after the ten years within which the judgment will survive here has elapsed, it ceases to exist for any purpose. Lamberton v. Grant, 94 Me. 508, 48 Atl. 127.

It follows that at the time when the proceedings in this case were commenced, October 2, 1902, more than ten years after the last judgment against Dooley was rendered, such obligation had ceased to have any effect, force, or validity, for section 5436, supra, refers to an action upon a judgment which it is obvious must be a valid judgment against the defendant named therein. The period during which it was to survive by the terms of section 5425, supra, had expired, and the right to have the claim entered therein against Dooley imposed by relation upon Hamel, his original co-obligor, had nothing to rest upon, and could not be made the basis of proceedings under the authority of the statutes invoked in this case.

The judgment appealed from is affirmed.